SIZER (MANY v.). See Cases Nos. 9,056 and 9,057.

SKAM (UNITED STATES v.). See Case No. 16,308.

SKATES (MATTHEWS v.). See Case No. 9,291.

## Case No. 12,921.

### In re SKELLEY.

[3 Biss. 260;[1] 5 N. B. R. 214.]

District Court, N. D. Illinois. March, 1871.

BANKRUPTCY — JURISDICTIONAL AMOUNT — PAYMENTS—ALLEGATIONS OF PETITION—INVOLUNTARY PROCEEDINGS—COSTS.

1. The district court has no jurisdiction of an involuntary case in bankruptcy, unless it appears on the trial that the debtor, at that time, owes debts provable under the act [of 1867 (14 Stat. 517)] exceeding the sum of three hundred dollars, and is indebted to the petitioning creditors in the amount of two hundred and fifty dollars. This is true even though the debtor, at the time of the filing of the petition, was indebted to exceed those sums. When his indebtedness, by subsequent payments, is reduced below those sums, the court loses jurisdiction.

[Cited in Re McKibben, Case No. 8,859.]

2. The latter clause of the forty-first section of the act was intended to allow the debtor to disprove on the trial all the material allegations of the petition.

[Cited in Re Price, Case No. 11,411.]

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

3. Payments made by the debtor to the petitioning creditors are material facts on the issue on denial of bankruptcy, and the debtor can introduce evidence of such payments without a special traverse of the amount of his indebtedness.

4. The receipt of such payments by the petitioning creditors to an amount sufficient to reduce this indebtedness below the minimum established by the act, must be considered as a waiver of the alleged act of bankruptcy.

5. The petitioning creditors cannot add the costs paid and incurred by them to their debt in order to raise it above the jurisdictional limit. Such costs are not a part of their debt. The debtor must owe them two hundred and fifty dollars or they have no right to make costs. Nor can the creditors add counsel fees to their debt.

6. In this case, the respondent, having been guilty at the time of the filing of the petition, was ordered to pay all costs up to the time of filing his denial, except the docket fee.

In bankruptcy. On the fifth day of July, 1870, John V. Farwell & Co. filed their petition in this court, alleging that they were creditors of William H. Skelley in a sum exceeding two hundred and fifty dollars, to-wit: in the sum of nine hundred and eleven dollars and ninety-two cents; that said indebtedness was upon a promissory note for nine hundred and eleven dollars and ninety-two cents, given by said Skelley to the petitioners, bearing date on the third day of June, 1870, and payable to petitioners in fifteen days from date; that said Skelley owed debts to an amount exceeding three hundred dollars; that said Skelley, being a merchant and trader, was, on the fifth day of July, 1870, guilty of an act of bankruptcy within the meaning of the bankrupt act by the suspension of payment upon his commercial paper, and failure to resume payment thereof within the period of fourteen days, the commercial paper upon which he so suspended payment being the said promissory note. On the twenty-first day of September, Skelley filed a denial of the alleged act of bankruptcy, and the issue was by agreement of parties submitted to the court for trial without a jury. On the trial the petitioner produced the note described in the petition, and showed that the sum was due and unpaid as set forth, at the time the petition was filed. Proof was then introduced on the part of the respondent Skelley, showing that after the filing of said petition and before the filing of his denial, he had made payments on said note which reduced the amount due thereon at the time of the trial to less than two hundred and forty dollars. The petitioners objected to said evidence as not being germain to the issue made by the pleadings, but the court admitted the proof, subject to objection. It did not appear, from the evidence, that respondent owed any other debts. It also appeared from the proof that the petitioners had advanced sixty-five dollars for costs in this proceeding, and had incurred liabilities for attorney's fees to the amount of two hundred dollars.

Tenney, McClellan & Tenney, for petitioners.

T. Leddy, for respondent.

BLODGETT, District Judge. The only question is, can the respondent be adjudged a bankrupt under this issue and proof?

It is clear that at the time of the trial respondent was not indebted to the petitioning creditors in the sum of two hundred and fifty dollars. And it does not appear that he then owed debts to the amount of three hundred dollars. But it is contended on the part of the petitioning creditors, that inasmuch as the proof shows that respondent owed them much more than two hundred and fifty dollars, and owed in the aggregate much more than three hundred dollars at the time the petition was filed, the evidence of the reduction of the indebtedness by subsequent payments, is wholly immaterial and inadmissible.

It is manifest that this court has no jurisdiction to adjudge a person bankrupt unless such person owes debts to the amount of three hundred dollars, and is also indebted to the petitioning creditor or creditors in the sum of two hundred and fifty dollars; the subject matter is not within the jurisdiction of the court unless the indebtedness reaches the amount named. And I think the better rule is that, under the issue made by the denial of bankruptcy, the debtor can introduce proof to contradict all the material allegations in the petition.

In at least two important cases to which my attention has been called—Brock v. Hoppock [Case No. 1,912], and National Exchange Bank v. Moore [Id. 10,041]—it has been held that the burden of proof rests upon the creditor, and he must establish his debt before proceeding to show acts of bankruptcy. But without intending to fully indorse the rule laid down in those cases —as I do not deem it necessary to go so far in this case—the last clause of the forty-first section of the bankrupt act provides that, "if upon the trial the debtor proves to the satisfaction of the court or jury, as the case may be, that the facts set forth in the petition are not true, or that the debtor has paid and satisfied all liens upon his property, in case the existence of such liens were the sole ground of the proceeding, the proceedings shall be dismissed and the respondent shall recover costs," thus evidently intending to allow the debtor the right on the trial to disprove all the material allegations in the petition, or in other words to rebut the prima facie case made by the petition and the preliminary proofs filed therewith.

It seems to me the question is analogous to the question of jurisdiction of the parties in a suit brought in the federal courts. If it appear at any time during the trial

that the plaintiff is not entitled to sue in that court, his suit will be dismissed, although the right so to sue is not specially raised by the plea. So in proceedings in bankruptcy, if it appear at any stage in the trial that the case is not within the bankrupt law, the proceedings should be dismissed. It is true some of the courts have held that the debtor should specially traverse the amount of his indebtedness to the petitioner if he wishes to raise that question, but the reasons assigned for this holding do not occur to, me as in harmony with the well received rules of pleading, or the spirit and letter of the bankrupt act. I think, therefore, that the evidence as to the payments made by respondent to the petitioners after the filing of the petition, was admissible under the issue, and it appearing that by such payments the petitioners' debt is reduced below two hundred and fifty dollars, they have lost their standing in court to have the respondent adjudged a bankrupt.

The receipt of such payments seems to me a waiver by the petitioners of the act of bankruptcy alleged, so far as they are concerned, for if the respondent were to be adjudged guilty on their petition, the payments made to petitioners are certainly such payments as amount to preferences of themselves as creditors, and would prevent the petitioners from proving their debt.

I cannot presume that the creditors to whom these payments were made contemplated any such serious consequences to follow the mere receipt of part of their debt, but will rather presume, under the circumstances, that they intended to condone and waive the alleged act of bankruptcy.

The acceptance of these payments renders the petitioners incompetent to further urge or insist upon the act of bankruptcy. True, the petition is filed for the benefit of all creditors, but it is equally true that only creditors to whom the sum of two hundred and fifty dollars or upwards is due, can demand an adjudication, and that amount must be due at the time the court is asked to render judgment.

I ought, perhaps, before dismissing the subject, to notice the point made by petitioners in regard to the costs which have been paid and incurred by them, and which they claim constitute a part of their debt against the respondent.

This position seems to me wholly untenable. The debtor must owe his creditor two hundred and fifty dollars, and be guilty of an act of bankruptcy, before the creditor has any right to make costs for the purpose of having him adjudicated a bankrupt, and, when the costs are made they are not added to the petitioners' debt, but the creditor may have them re-imbursed to him out of the debtor's estate if he is adjudged a bankrupt, while he is only entitled on his debt to his pro rata with other creditors.

As to the counsel fees incurred by petitioners, the courts of this state do not recognize them as any part of the costs to be recovered in a case, and in bankruptcy it is a matter of discretion with the court to allow them a reasonable amount against the estate.

In this case the evidence shows the respondent guilty at the time the petition was filed, and as no stipulation seems to have been made, I shall render judgment that the respondent pay all taxable costs except docket fees made up to the filing of his denial, and that on such payment the proceedings be dismissed.

NOTE. Where there are no other debts than that of the petitioning creditor, the debtor is entitled to have the proceedings dismissed, on tender of the debt and costs. In such case no counsel fees can be allowed, there having been no adjudication, and no estate or fund created. In re Sheehan [Case No. 12,738].